**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARVELLE JAMES BOWERS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-02731 |
| NORTHERN ILLINOIS GAS COMPANY d/b/a NICOR GAS COMPANY, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes MARVELLE JAMES BOWERS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of NORTHERN ILLINOIS GAS COMPANY d/b/a NICOR GAS COMPANY, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4.   Plaintiff is a 55-year-old natural person residing at 7551 West Hanover Street, Summit, Illinois, which falls within the Northern District of Illinois.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant operates as a regulated natural gas distribution utility providing services to approximately 2.2 million residential, commercial, and industrial customers in Illinois. Defendant's headquarters is located at 1844 Ferry Road, Naperville, Illinois.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.   In 2016, Plaintiff began receiving calls to his cellular phone, (708) XXX-5500 from Defendant.  *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10.  At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5500.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. The phone number that Defendant most often uses to contact Plaintiff is (888) 642-6748, but upon belief, it may have used other numbers as well.  *See* Exhibit A.

12.   Upon information and belief, the above phone number ending in 6748 is regularly utilized by Defendant to make outgoing calls to consumers it is collecting upon.

13. Plaintiff is unaware as to how Defendant obtained his information and why it was calling him since he does not use it as his energy supplier.  *Id.*

14. When Plaintiff answers calls from Defendant, he experiences a recorded message before being connected to a live representative.  *Id.*

15. During other answered calls from Defendant, Plaintiff experiences a brief pause, lasting a few seconds in length, before a live person begins to speak.  *Id.*

16. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was seeking to collect upon a past due payment.  *Id.*

17. Since Plaintiff does not use Defendant as his energy supplier, he informed it that he was not the person it was looking for and demanded that it stop contacting him.  *Id.*

18. Despite Plaintiff's demands, Defendant has continued to regularly call his cellular phone up until the date of the filing of this complaint.  *Id.*

19. Plaintiff even called Defendant to inquire as to why it was still contacting him, and a representative named "Sharia" told him, "it's because your phone number is on someone else's account."  *Id.*

20. Defendant's representative also informed Plaintiff that it was looking for an individual with the last name "Moore."  *Id.*

21. Plaintiff is not familiar with any individual by that name, so he reiterated his desires that Defendant stop calling him.  *Id*.

22. Plaintiff has received not less than 25 phone calls from Defendant, seeking to collect upon an individual whom he is unfamiliar with.  *Id.*

23. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

24. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $72.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss. *Id.*

25. Plaintiff has been unfairly harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The recorded message and brief pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

4

30. Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party who Plaintiff had no familiarity with. As such, he could not have given Defendant consent to contact him. Even if Defendant had a legitimate business reason for initially contacting Plaintiff, which it did not, he explicitly revoked any consent by his demands to cease contact.

31. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MARVELLE JAMES BOWERS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

35. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

36. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

37. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it had no reason or permission to do so. Defendant was attempting to contact an entirely different person that Plaintiff had no relationship with. The fact that it was continuously calling the wrong party even after Plaintiff demanded that it stop contacting him is illustrative of Defendant's unfair practice.

38. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

40. As pled in paragraphs 22 through 26, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices, including expending money on a monthly application

6

subscription on his cellular phone to block the calls. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant was calling Plaintiff to speak with an unknown individual, as Plaintiff had no business relationship with Defendant. Nevertheless, he was still bombarded with phone calls even after demanding that it stop contacting him. Defendant placed these phone calls with the intent to secure payment, no matter if it was from the customer actually owing the debt, or an unrelated consumer like Plaintiff. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, MARVELLE JAMES BOWERS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 11, 2017                                    Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Northern District of Illinois           Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                          900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                               Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                             (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com

7